OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered June 2,1980 affirmed.
Defendant was charged with trespass (Penal Law, § 140.05) upon his refusal to discontinue leafletting and protest activity at a Manhattan branch of the Internal Revenue Service. On the day in question, April 15, 1980, defendant was distributing literature in the “taxpayer’s assistance area” of the branch, and refused a security *242 director’s request that he remove his operations to the public lobby. The leaflets in question generally encouraged the nonpayment of Federal taxes and attacked the uses to which the tax funds are put. Defendant asserts that in such circumstances the trespass statute is being enforced in a manner which infringes upon constitutionally protected speech and/or conduct.
Even where municipal or State property is open to the public generally, the exercise of First Amendment rights may be regulated so as to prevent interference with the ordinary use of the property by other members of the public with an equal right of access to it (Food Employees v Logan Plaza, 391 US 308, 320-321). The defendant does not have an absolute right to use all parts of a public building or its immediate environs for his unlimited expressive purposes (Adderley v Florida, 385 US 39; Cox v Louisiana, 379 US 559). The critical question is whether the manner of expression is basically incompatible with the normal activity of a particular place at a particular time (Grayned v City of Rockford, 408 US 104,116). Here, the room set aside by the Internal Revenue Service for taxpayer assistance, while open to the public, was particularly dedicated to the transaction of business — that is, a place where persons could receive individual tax counsel. The use for which the office was intended was markedly more restricted than the use members of the public may usually make of streets, parks, terminals, etc. — areas historically associated with the exercise of First Amendment rights. Given the nature of the activity in the assistance area, public protest would clearly be intrusive, especially on the last day for filing tax returns, a time when the office was “very crowded”. The fact that the building lobby was available as a nearby alternative forum for the communication of defendant’s views is also a relevant factor in balancing First Amendment rights against legitimate governmental interests (Connecticut State Federation of Teachers v Board of Educ. Members, 538 F2d 471, 481). We conclude that defendant did not have an absolute constitutional right to remain and distribute literature at the precise area on Internal Revenue Service premises which he had selected; that he know *243 ingly remained upon the premises after having been forbidden to do so by the person in lawful control of said premises; and that he is therefore subject to the sanction of the trespass statute (see Hurley v Hinckley, 304 F Supp 704).
Concur: Hughes, J. P., Riccobono and Asch, JJ.