OPINION OF THE COURT
Anthony J. Garramone, J.
Following a nonjury trial herein, the defendant requested and moved that the court dismiss the charge of Penal Law § 140.05, trespass, upon the grounds that the People failed to prove that he was guilty thereof.
The defendant was arrested for trespass upon an information stating that on the 1st day of April 1985 at about 3:15 in the afternoon, the defendant did unlawfully remain in the Oneida County Office Building located in Utica, New York, after having been escorted from the building in an intoxicated condition.
Prior to the defendant’s removal, sheriff deputies stationed in the building were called to the 5th floor, and more particularly the office of the defendant’s caseworker in the Social Services Department. Deputy Sheriff Patrick W. Kahl testified that when he appeared at the office, the defendant was shouting and gesturing to his caseworker, causing many persons therein to become annoyed and disturbed by the scene being created by the defendant herein. Office Kahl testified that the defendant smelled of alcohol and was very belligerent. The defendant was escorted out of the 5th floor offices to the elevator, and before leaving the elevator, the defendant was told not to return to the building until he is in a sober condition. The defendant was then escorted out of the building.
*244 Within five minutes, the defendant was back in the building waiting for the elevator. At that point, the defendant was placed under arrest for the offense of trespass.
The defendant testified that he was agitated and may have been causing a scene, but this was due to the fact that he wanted a food stamp allowance and other benefits from his caseworker and was refused. The defendant also stated that he wanted to go to another office to make a different appeal. The defendant urged the court to dismiss the charge upon the grounds that the County Office Building is a public building and he had a perfect right to be there on the day in question.
In People v Wolf (63 Misc 2d 178) the court found that an information alleging criminal trespass in the third degree to be improper when the Deputy Commissioner of Social Services had ordered four defendants to leave the building to which they returned the next day. The information was found to be defective upon the grounds that the building is a public building and the information failed to allege any reason for excluding the defendants from a public building. In People v Hedemann (107 Misc 2d 241, 242) the court stated that a “defendant does not have an absolute right to use all parts of a public building”.
The case herein is distinguishable in that the deputy probably should have arrested the defendant for disorderly conduct on the 5th floor. Failing to do so, the question arises as to whether the defendant can later be found guilty of trespass when he returns to the same public building having earlier been escorted from the building by the deputy sheriff.
The court feels that the answer to this question is yes. A person can be found guilty of trespassing upon entering a public building under certain circumstances. The Oneida County Sheriff's Department assigns officers to the County Building for the purpose of protecting citizens therein both as employees and users. They have the authority to direct persons to leave the building when causing disturbances therein. The question is how long can they exclude someone from a public building. A person cannot be excluded from a public building indefinitely. In the case at bar, Deputy Sheriff Kahl specifically told the defendant to stay out of the building until he could return in a sober condition. The deputy previously testified that he could tell the difference from his years of experience as a deputy when a person is intoxicated, and concluded that the defendant was intoxicated.
Therefore, where the order to stay out of a public building is for a definable or definite period of time as in the case at bar, a *245 charge of trespass and an information.charging same will be sufficient when the violation is within that definite period of time. The defendant returned to the building in the same intoxicated condition within five minutes of the order to stay out.
The court finds the defendant guilty of trespass with a fine of $10 and $15 costs, and bail is applied to fine and costs.