OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to that court for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]).
In November 1982, defendant was charged with second degree murder (Penal Law § 125.25 [1]) in connection with the shooting death of Rodney Marsh — an acquaintance of his— during a violent altercation between the two in defendant’s home.
At trial, defendant took the stand in his own defense and admitted having fired the fatal shots, but claimed that his conduct had been justified under the circumstances (see, Penal Law art 35). He testified that, on the evening in question, he and Marsh became involved in a heated argument, and eventually agreed to physically settle their dispute at defendant’s home. Upon arriving there, defendant — at Marsh’s urging— immediately went to his bedroom to get his gun. Before he could return, however, Marsh entered the room and began approaching him. A violent struggle thereafter ensued. When it finally subsided, defendant demanded that Marsh leave his *862 house. Marsh, however, refused, and began walking toward defendant. As he did, he told defendant: "You got your gun, use it, if you don’t, I will.” Marsh then attempted to take defendant’s gun from him, but defendant was able to "shove him off.” Undeterred, Marsh again approached defendant. This time, however, defendant responded by shooting him.
Based on this account of the events leading up to Marsh’s death, the trial court instructed the jury on the justifiable use of deadly physical force to defend oneself (see, Penal Law § 35.15), but refused to charge the jury on the justifiable use of deadly physical force to terminate the commission of a burglary (see, Penal Law § 35.20 [3]). Defendant was subsequently convicted. On appeal, however, a divided Appellate Division reversed, concluding that the trial court had erred in refusing to instruct the jury on the justifiable use of deadly physical force under section 35.20 (3). We conclude otherwise, and accordingly reverse.
Section 35.20 (3) of the Penal Law authorizes a person to use deadly physical force against another person if he or she reasonably believes that such force is necessary to terminate a burglary of his or her home (see, Penal Law § 35.20 [3]; Seventh Interim Report of Temp St Commn on Rev of Penal Law and Crim Code, 1968 NY Legis Doc No. 29, at 8-9; Legislative Mem, at 2, Bill Jacket, L 1968, ch 73; cf., Model Penal Code § 3.06 [3] [d]). The People contend that even if Marsh could "technically” be considered to have been committing a burglary when he was killed, defendant should nevertheless not be permitted to rely on section 35.20 (3) as authorizing his use of deadly physical force. Specifically, they maintain that an individual who — like defendant — invites another onto his or her premises and then actively and willingly joins in that person’s criminal conduct should not be permitted to kill that person merely because he or she does not promptly cease pursuing the criminal endeavor upon being ordered to leave the premises. We agree.
Section 35.20 (3) — as its legislative history makes clear — was intended to protect those individuals who suddenly find themselves the victim of an intrusion upon their premises by one bent on a criminal end (see, Legislative Mem, at 2, Bill Jacket, L 1968, ch 73). There is, however, nothing in that provision’s legislative history or otherwise which suggests that it was also meant to protect one who — like defendant — invites another person into his home, fully aware that such person intends to commit a crime once inside. Such an individual is no less *863 responsible for any ensuing invasion of his or her own security than the would-be burglar, and therefore cannot claim the protections of section 35.20 (3).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.