■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LOPEZ, Appellant. [614 NYS2d 166] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 3, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LOPEZ, Appellant. [611 NYS2d 642] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 27, 1991, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not present sufficient evidence to prove his guilt beyond a reasonable doubt is not preserved for review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the defendant's contention is without merit. Viewing the evidence adduced at the trial in a light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant possessed a gun, which he discharged, killing the victim who was threatening the defendant with a knife. The defendant was acquitted of murder in the second degree and manslaughter in the first degree. However, the fact that the defendant may have been acting in self-defense does not warrant a reversal of his conviction for possession of a weapon in the second degree. The presumption that the defendant possessed the gun with the intention to use it unlawfully (see, Penal Law § 265.15 [4]), was not necessarily rebutted. The jury could have found that the defendant intended to use the weapon unlawfully even though in this particular instance the use of the gun may have been justified (see, *People v Pons,* 68 NY2d 264). Upon the exercise of our factual review power (see, CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence.

The defendant's contention that his sentence is excessive is without merit (see, *People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.