THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE LIDE, Appellant. [620 NYS2d 462] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered February 4, 1993, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. We reject the defendant's contention that his acquittal of murder in the second degree indicated that the jury discredited the People's entire case. The People's eyewitness testified that the defendant possessed a gun, struck the victim several times, and shot him in the head. The People also introduced a videotaped statement made by the defendant in which he admitted shooting the victim, but claimed that he shot the victim in self-defense. Thus, the jury could have concluded that the defendant acted in self-defense and did not have the requisite intent for the crime of murder in the second degree. However, with respect to criminal possession of a weapon in the second degree, the jury could have found that the defendant intended to use the weapon unlawfully during the time that he possessed it prior to the shooting (see, People v Pons, 68 NY2d 264, 267-268; People v Lopez, 204 AD2d 488; People v Bumbury, 194 AD2d 735).

While the defendant contends that the People's witness was incredible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that his sentence is excessive is

without merit *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.