■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WYNN, Appellant. [623 NYS2d 460] —Judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: The trial court erred in refusing to instruct the jury on the justifiable use of deadly force to prevent or terminate a burglary *(see,* Penal Law § 35.20 [3]; *People v Williams,* 121 AD2d 145). A reasonable view of the evidence would have permitted the jury to find that defendant reasonably believed that the victim was committing a burglary and that deadly force was necessary to prevent or terminate the commission of that burglary *(see, People v McManus,* 67 NY2d 541, 549). The court also erred in restricting the testimony of defendant concerning his prior experience as the victim of a near-fatal assault *(see, People v Goetz,* 68 NY2d 96, 114-115, *cert denied* 489 US 1053) and in precluding testimony about statements made by others to defendant regarding the victim's conduct on the day of the

shooting (see, *People v Goetz, supra,* at 114; *People v Loria,* 190 AD2d .1006). Finally, it was error to permit an Assistant District Attorney to testify about defendant's reply to a by-stander's remark at defendant's arraignment. The probative value of that testimony is outweighed by the dangers of unduly prejudicing defendant, confusing the main issue and misleading the jury (see, *People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998; *People v Martinez,* 177 AD2d 600, 601, *lv denied* 79 NY2d 829; *People v Singh,* 142 AD2d 743, 744, *lv denied* 72 NY2d 1050). Inasmuch as defendant was convicted of the lesser included offense of manslaughter in the second degree, the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, *People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894).

In light of our determination, we do not reach defendant's remaining contention. (Appeal from Judgment of Monroe County Court, Marks, J.—Manslaughter, 2nd Degree.) Present —Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.