■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LENTINI, Appellant. [633 NYS2d 569] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered October 4, 1993, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing concurrent sentences of two and two-thirds to seven years imprisonment for his conviction of criminal possession of a weapon in the second degree and one and one-half to four and one-half years imprisonment for his conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the defendant's conviction of criminal possession of a weapon in the second degree to one and one-half to four and one-half years imprisonment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the jury found that the actual shooting was justified under the particular circumstances of the case, that does not mean that the defendant lacked the intent to use the gun unlawfully during the time prior to the shooting when he admittedly possessed it *(see, People v Pons,* 68 NY2d 264; *People v Steward,* 213 AD2d 570; *People v Lopez,* 204 AD2d 488). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Nor was it error for the court to withdraw the justification charge from the jury's consideration in connection with the count of criminal possession of a weapon in the second degree. "[B]ecause possession of a weapon does not involve the use of physical force, there are no circumstances under which justification *(see,* Penal Law § 35.15) can be a defense to the crime of criminal possession of a weapon in the second degree" *(People v Perez,* 218 AD2d 754, citing *People v Pons, supra,* at 267; *People v Almodovar,* 62 NY2d 126).

We find, as the People agreed at oral argument, that the defendant's sentence is excessive. We reduce the sentence to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.