OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On October 13, 1993, defendant was visiting Tanisha Brewster when her boyfriend, Eric Copeland, forced his way into her apartment. Once inside, Copeland, nicknamed “Bear” *1004 because of his size, told defendant to leave. When defendant refused, a dispute ensued and Copeland punched defendant twice, knocking him to the floor and prompting him to leave. After defendant departed, Copeland also left Brewster’s apartment.
Later that day, defendant telephoned Brewster and arranged to stop by her apartment to retrieve the Walkman he had left behind. Upon his return to the apartment, defendant — now armed with a nine-millimeter automatic handgun — entered Brewster’s bedroom. Minutes after defendant’s arrival, Copeland also returned to the apartment, forcing his way inside when Brewster opened the door to admit a friend. Copeland was repeatedly told to leave but refused, demanding to know who else was in the apartment. Copeland and Brewster then went into her mother’s bedroom, where a shouting match ensued. While Copeland and Brewster argued, defendant, still alone in Brewster’s bedroom, loaded his handgun.
When Copeland and Brewster emerged from her mother’s bedroom, Copeland began walking toward Brewster’s bedroom. Brewster attempted to hold Copeland back, but he kicked and shoved her, forcing his way into the room. There, Copeland encountered defendant, standing in the corner of the room holding his automatic handgun. Although the two men at first talked calmly, the conversation deteriorated into an angry argument. After approximately 15 minutes, Copeland said to defendant: “What are you going to do, shoot me?” In response, defendant fired one fatal bullet at Copeland’s head. Defendant was charged with murder in the second degree and criminal weapons possession. At defendant’s jury trial, Supreme Court refused to charge the defense of justification to terminate a burglary (Penal Law § 35.20 [3]), and defendant was convicted. The Appellate Division affirmed, as do we.
A trial court must instruct a jury on the defense of justification “if on any reasonable view of the evidence, the fact finder might have decided that the defendant’s actions were justified” (People v Padgett, 60 NY2d 142, 145; CPL 300.10 [2]). Under Penal Law § 35.20 (3), a person in possession or control of — or licensed or privileged to be in — a dwelling or occupied building, who “reasonably believes that another person is committing or attempting to commit a burglary of such dwelling or building, may use deadly physical force upon * * * person when he reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of burglary.” As its legislative history makes clear, section 35.20 (3) “was intended *1005 to protect those individuals who suddenly find themselves the victim of an intrusion upon their premises by one bent on a criminal end” (People v Godfrey, 80 NY2d 860, 862).
Here, even assuming that Copeland committed a burglary by entering Brewster’s apartment with the intent to commit an assault (Penal Law § 140.20), the trial court did not err in refusing to charge justification. Viewed in the light most favorable to defendant, the evidence does not support defendant’s argument that he reasonably believed deadly force was necessary to prevent Copeland from committing an assault (Penal Law § 35.20 [3]). A substantial period elapsed between the time Copeland forced his way into the apartment and the time defendant fired his weapon. During that period, defendant had ample opportunity to terminate the alleged burglary by means not requiring deadly force. Instead, defendant remained secreted in Brewster’s bedroom, loading the nine-millimeter pistol he had brought with him, until he was discovered by Copeland. After a lengthy verbal exchange with Copeland, defendant fired the fatal bullet. On this record, no rational view of the evidence permits the inference that defendant was justified in shooting Copeland. Similarly, defendant’s argument that he was denied effective assistance of counsel is without merit.