■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSTIN SAVAGE, Appellant. [700 NYS2d 608] —Judgment unani-

mously affirmed. Memorandum: We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to request a justification charge (*see,* Penal Law § 35.20 [3]). Defendant was not entitled to that charge (*see, People v Cox,* 92 NY2d 1002, 1004-1005). Even assuming that the victim was committing a burglary by attempting to assault defendant after being told to leave defendant's apartment, we conclude that there is no reasonable view of the evidence that would permit the jury to find that defendant's use of deadly physical force was justified. The victim neither used nor threatened the use of deadly physical force, and three other persons were present to assist defendant in terminating the alleged burglary by means other than deadly physical force. Moreover, the testimony of defendant establishes that he did not believe that deadly physical force was necessary.

Defendant failed to preserve for our review his contention that a remark by the prosecutor on summation improperly shifted the burden of proof to defendant on the issue of intent and thereby denied him a fair trial (*see,* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.