■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAMOUN DEIS, Appellant. [724 NYS2d 238] —Judgment affirmed. Memorandum: County Court properly instructed the jury on the justifiable use of deadly physical force to defend oneself (*see,* Penal Law § 35.15) and did not err in refusing to instruct the jury on the justifiable use of deadly physical force to prevent or terminate a burglary (*see,* Penal Law § 35.20 [3]). "As its legislative history makes clear, section 35.20 (3) 'was intended to protect those individuals who suddenly find themselves the victim of an intrusion upon their premises by one bent on a criminal end' " (*People v Cox,* 92 NY2d 1002, 1004-1005, quoting *People v Godfrey,* 80 NY2d 860, 862). No reasonable view of the evidence would have permitted the jury to find that defendant reasonably believed that the victim was committing a burglary and that deadly physical force was necessary to prevent or terminate the commission of that burglary (*see, People v Cox, supra,* at 1004-1005; *People v Godfrey, supra,* at 862). The victim, a customer at a grocery store owned by defendant's brother, was asked to leave the store after he created a disturbance. The conduct of the victim in reentering the store did not convert his status from that of a licensee (*see,* Penal Law § 140.00 [5]) to that of a trespasser who "remains unlawfully" on the premises within the meaning of the burglary statute (Penal Law § 140.20; *see, People v Gaines,* 74 NY2d 358, 362-363; *People v Konikov,* 160 AD2d 146, 152-153, *lv denied* 76 NY2d 941; *People v Hutchinson,* 124 Misc 2d 487, 490-493, *affd* 121 AD2d 849, *lv denied* 68 NY2d 770). Thus, on the facts of this case, the court properly refused to instruct the jury on the justifiable use of deadly physical force under Penal Law § 35.20 (3).

All concur except Green and Kehoe, JJ., who dissent and vote to reverse in the following Memorandum.

Green and Kehoe, JJ. (dissenting). We respectfully dissent. In our view, County Court erred in refusing to charge the jury with respect to the justifiable use of deadly force to prevent or terminate the commission of a burglary (*see,* Penal Law

§ 35.20 [3]). A reasonable view of the evidence, viewed in the light most favorable to defendant (*see, People v Padgett,* 60 NY2d 142, 144), would have permitted the jury to find that the use of deadly force by defendant was based upon his reasonable belief that such force was necessary to prevent or terminate the victim's commission of a burglary (*see, People v Wynn,* 212 AD2d 969). Defendant presented evidence that the victim repeatedly threatened to kill defendant and his brother, engaged in aggressive conduct toward defendant, his brother and store customers, and reentered the store after he was told to leave and was escorted from the premises. That evidence would support a finding that defendant reasonably believed that the victim intended to commit a crime inside the store. Contrary to the conclusion of the majority, moreover, we conclude that the evidence would support a further finding that the victim lost his license or privilege to enter or remain in the store after he defied lawful orders not to enter or remain there, personally communicated to him by defendant and his brother (*see,* Penal Law § 140.00 [5]; *People v Taylor,* 164 Misc 2d 868, 868-869; *People v Bembry,* 128 Misc 2d 243). Because a reasonable view of the evidence supports the defense of justification under Penal Law § 35.20 (3), the failure to grant defendant's request to charge that defense constitutes reversible error (*see, People v Padgett, supra,* at 145). We therefore would reverse the judgment and grant a new trial. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminally Negligent Homicide.) Present—Pigott, Jr., P. J., Green, Kehoe, Burns and Lawton, JJ.