OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment dismissed, without prejudice to an application by the People for leave to resubmit the charge of criminally negligent homicide to a grand jury.
 

 The facts, viewed most favorably for defendant, are as follows. On July 13, 1997, at approximately 10 p.m., Troy Alexander, who had been drinking since morning, entered the convenience store where defendant worked. Inside the store, Alexander bumped into an elderly customer, nearly toppling him, accosted another customer by grabbing her waist and verbally abusing her when she moved away, and argued with defendant’s brother, who was working at the cash register, over the amount of change received for beer he purchased. Irate and hostile, Alexander physically threatened defendant’s brother. Defendant asked Alexander to leave and escorted him out of the store. Once outside, Alexander initiated a fight with defendant. Defendant then reentered the store, leaving Alexander outside. Alexander followed and, once inside, began throwing food and other items about the store, and again threatened to kill defendant and his brother. Alexander’s friend was unable to restrain him. According to defendant, Alexander punched him in the back of the head, causing him to become disoriented. Defendant testified that he picked up a knife that
 
 *719
 
 was on the counter and swung around in an attempt to scare Alexander away. Instead, defendant struck Alexander in the neck, killing him. Medical evidence confirmed that Alexander was highly intoxicated at the time of his death.
 

 Defendant was indicted for murder in the second degree and manslaughter in the first degree. The trial court charged the jury on justification through self-defense (Penal Law § 35.15) but refused to charge the jury on the justifiable use of deadly force in defense of burglary pursuant to Penal Law § 35.20. A jury ultimately convicted defendant of criminally negligent homicide, for which he was sentenced to 1 Vs to 4 years in prison.
 
 *
 
 On appeal, a divided Appellate Division affirmed defendant’s conviction. The Court held that no reasonable view of the evidence would have permitted the jury to find that defendant reasonably believed that the victim was committing a burglary and that deadly physical force was necessary to prevent or terminate the commission of the burglary. Although Alexander had been asked to leave the store, his conduct in reentering did not convert his status to that of a trespasser who “remains unlawfully” on the premises within the meaning of the burglary statute (Penal Law § 140.00 [5]). We disagree and reverse.
 

 Penal Law § 35.20 (3) provides: “A person in possession or control of, or licensed or privileged to be in, a dwelling or an occupied building, who reasonably believes that another person is committing or attempting to commit a burglary of such dwelling or building, may use deadly physical force upon such other person when he reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of such burglary.” “A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein” (Penal Law § 140.20). Additionally, a licensee present on premises open to the public loses that privilege when “he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person” (Penal Law § 140.00 [5]).
 

 Viewing the record in the light most favorable to the defendant, as we must
 
 (People v Padgett,
 
 60 NY2d 142, 144 [1983];
 
 People v Torre,
 
 42 NY2d 1036, 1037 [1977]), a reasonable view of the evidence exists that entitles defendant to a justification charge pursuant to Penal Law § 35.20. Here, a trier of fact
 
 *720
 
 could reasonably conclude that although Alexander originally entered the grocery store lawfully as a licensee, his entry became unlawful when he defied defendant’s order to leave the premises
 
 (see People v Brown,
 
 25 NY2d 374, 377 [1969];
 
 see also
 
 Penal Law § 140.00 [5]). Moreover, Alexander’s violent conduct and numerous threats to kill defendant and his brother support the reasonableness of defendant’s belief that deadly physical force was necessary to prevent or terminate a burglary.
 

 Because defendant was convicted of criminally negligent homicide as a lesser included offense of the second degree murder charge, we dismiss the indictment without prejudice to an application by the People for leave to resubmit the charge of criminally negligent homicide to a grand jury
 
 (People v Bradley,
 
 88 NY2d 901, 904 [1996]).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.
 

 *
 

 Defendant has served his sentence.