■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PRITCHETT, Also Known as TASHEEM, Appellant. [751 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered June 3, 1997, convicting him of attempted murder in the first degree (four counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of attempted murder in the first degree, vacating the sentences imposed thereon, and remitting the matter to the Supreme Court, Queens County, for a new trial as to those counts; as so modified, the judgment is affirmed.

The trial court erred in refusing to charge the defense of justification with respect to the four counts of attempted murder in the first degree. At trial, several police officers testified that on December 16, 1995, they went to the defendant's dwelling to execute a warrant for the defendant's arrest on a parole violation. The defendant's female companion permitted two uniformed police officers to enter the bedroom. One officer noticed a person in the closet, alerted his fellow officers, and ordered the individual not to move and to show his hands. After the individual remained motionless for a few moments, the second officer reached down to pull the individual out of the closet by his legs, whereupon shots were fired by the individual in the closet, later identified as the defendant. After a gunfight in which the defendant and both uniformed officers were seriously injured, the defendant was subdued and surrendered to officers from the Emergency Services Unit of the New York City Police Department.

In contrast, the defendant testified that, as he was standing in the bedroom getting dressed, the bedroom door flew open and shots were fired into the room, hitting him and causing him to lose consciousness. When he regained consciousness, he heard his female companion arguing with the police at the bedroom door, and he retreated into the closet. He reached for a gun left in the closet by a prior tenant, and, when the police entered the room, he shot at them because he believed they were trying to kill him.

Viewing the record in the light most favorable to defendant, as we must (see *People v Deis,* 97 NY2d 717, 719; *People v Padgett,* 60 NY2d 142, 144; *People v Torre,* 42 NY2d 1036, 1037), we cannot say that no reasonable view of the evidence would support a finding of justification (see *People v Deis, supra*; *People v Khan,* 113 AD2d 773, 774, *affd* 68 NY2d 921; *People v Jenkins,* 93 AD2d 868; *People v Forchalle,* 88 AD2d 645, 646; *People v Burnell,* 84 AD2d 566; *People v Carneglia,* 63 AD2d 734, 735; *People v Sanza,* 37 AD2d 632). Therefore, the jury should have been instructed on the justification defense.

However, the failure to instruct the jury on the justification defense does not affect the conviction of criminal possession of a weapon (see *People v Pons,* 68 NY2d 264, 267-268; *People v Almodovar,* 62 NY2d 126; *People v Lentini,* 221 AD2d 474, 475; *People v Khan, supra* at 774). Accordingly, the judgment must be modified by vacating the convictions of attempted murder in the first degree, and vacating the sentences imposed thereon. The matter is remitted to the Supreme Court, Queens County, for a new trial on those counts.

The defendant's remaining contention is without merit. Ritter, J.P., Altman, Adams and Crane, JJ., concur.