■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL FRAZIER, Appellant. [776 NYS2d 294]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered July 25, 2002, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacat-

ing the conviction of murder in the second degree and vacating the sentence imposed thereon, and a new trial is ordered on that count; as so modified, the judgment is affirmed.

On the evening of June 27, 2001, the defendant stabbed the victim to death during an altercation. At trial, the defendant testified that the dispute began when the victim, who had a boa constrictor hanging from his neck, approached him and insulted his rap performance. According to the defendant, the victim was smoking what appeared to be a "PCP cigar," and acting crazy and loud. After a verbal exchange, the victim left the area, but soon returned with two friends. The victim then allegedly taunted the defendant, threw a bullet at him, and put his hand in his pocket as if he had a gun. Although the defendant fled into a nearby park, the victim and a crowd of others followed him. Inside the park, the victim allegedly tackled the defendant and held him in a choke hold while one of his friends stabbed the defendant in the back. The defendant claimed that he then stabbed the victim in self-defense because he feared that he would be killed. The jury rejected the defendant's justification defense, and convicted him of depraved indifference murder and criminal possession of a weapon in the third degree.

On appeal, the defendant contends that the trial court impermissibly curtailed his justification defense by refusing to allow him to introduce a toxicology report which revealed that the victim had PCP in his blood at the time of his death, and expert testimony concerning the effects of this narcotic on a person's behavior. We agree. A "justification defense requires a showing both that the defendant acted under a subjective impression of danger and that this impression was objectively reasonable under the circumstances perceived by the defendant" (*see People v Chevalier,* 220 AD2d 114, 116 [1996], *affd* 89 NY2d 1050 [1997]; *see also People v Wesley,* 76 NY2d 555, 559 [1990]; *People v Goetz,* 68 NY2d 96, 115 [1986]). The "critical focus must be placed on the particular defendant . . . and what a reasonable person in those circumstances and having defendant's background and experience would conclude" (*People v Wesley, supra* at 559). Here, the excluded evidence would have corroborated the defendant's claim that the victim had ingested PCP before the altercation, and was relevant on the issue of whether it was objectively reasonable for the defendant to perceive him as dangerous. Since the exclusion of this evidence prejudiced the defendant's ability to present a complete justification defense, reversal of his murder conviction and a new trial on this charge is warranted (*see People v Chevalier, supra; see also People v Miller,* 39 NY2d 543 [1976]; *People v Loria,* 190

AD2d 1006 [1993]; *People v Guadalupe,* 122 AD2d 807 [1986]). However, the exclusion of this evidence had no impact on the defendant's conviction of criminal possession of a weapon in the third degree (*see People v Pons,* 68 NY2d 264, 267-268 [1986]; *People v Pritchett,* 298 AD2d 411, 412 [2002]).

In light of our determination, we do not reach the defendant's remaining contention. Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.