■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDLEY FAGAN, Appellant. [807 NYS2d 239]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered December 20, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [4]) arising from his conduct in repeatedly slashing the victim with a hatchet or machete. We agree with defendant that County Court erred in refusing to charge the jury on the justifiable use of deadly physical force to prevent or terminate a burglary (*see* § 35.20 [3]). Contrary to the contention of the People, defendant preserved his contention for our review by requesting the charge and then placing on the record an exception to the charge as given (*cf. People v Moore*, 259 AD2d 1010 [1999], *lv denied* 93 NY2d 1004 [1999]).

Pursuant to Penal Law § 35.20 (3), "[a] person in possession or control of, or licensed or privileged to be in, a dwelling or an occupied building, who reasonably believes that another person is committing or attempting to commit a burglary of such dwelling or building, may use deadly physical force upon such other person when he or she reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of such burglary." "When evidence at trial[,] viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested" (*People v Watts*, 57 NY2d 299, 301 [1982]; *see People v Farnsworth*, 65 NY2d 734, 735 [1985]; *People v Padgett*, 60 NY2d 142, 144-145 [1983]). When viewed in the light most favorable to defendant, the evidence herein establishes that the victim threatened to kill defendant and then chased defendant into defendant's house while carrying a hatchet. When the victim fell once inside the house and dropped the hatchet, defendant picked up the hatchet. The victim ran outside and then reentered the house, swinging a two-by-four at defendant. We thus conclude that there is a reasonable view of the evidence that the victim entered and remained inside defendant's house with the intent to commit a crime, i.e., an assault (*see People v Williams*, 121 AD2d 145, 148 [1986]; *see also People v Wynn*, 212 AD2d 969 [1995]). The victim's "violent conduct and numerous threats to kill defen-

dant . . . support the reasonableness of defendant's belief that deadly physical force was necessary to prevent or terminate a burglary" (*People v Deis*, 97 NY2d 717, 720 [2002]). The court thus erred in failing to instruct the jury on the justifiable use of deadly physical force to prevent or terminate a burglary (*see Wynn*, 212 AD2d at 969). Because defendant was convicted of assault in the second degree as a lesser included offense of assault in the first degree, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another grand jury (*see Deis*, 97 NY2d at 720; *Wynn*, 212 AD2d at 970).

Defendant failed to preserve for our review his further contention that the court, in charging the jury with respect to the justifiable use of physical force in defense of a person (*see* Penal Law § 35.15), erred in instructing the jury that defendant had a duty to retreat (*see generally People v Harrell*, 59 NY2d 620, 622 [1983]; *People v West*, 245 AD2d 1087 [1997], *lv denied* 92 NY2d 863 [1998]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.