■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WOODS, Appellant. [828 NYS2d 361]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 11, 2003, convicting defendant, after a jury trial, of murder in the second degree and arson in the second degree, and sentencing him to consecutive terms of 25 years to life and 20 years, respectively, unanimously affirmed.

Defendant's sufficiency claim regarding his depraved indifference murder conviction is unpreserved due to the absence of any objection at trial, let alone one specifically directed to the alleged error (*see People v Gray*, 86 NY2d 10 [1995]), and we decline to reach it in the interest of justice. Moreover, because defendant voiced no objection to the court's instructions to the jury on the elements of depraved indifference murder, the sufficiency of the evidence must be evaluated not in light of the elements of the crime as they have recently and authoritatively been articulated by the Court of Appeals (*see e.g. Policano v Herbert*, 7 NY3d 588 [2006]), but in light of the elements as they were charged to the jury (*People v Sala*, 95 NY2d 254, 260 [2000]; *People v Dekle*, 56 NY2d 835 [1982]). Here, there was "evidence from which a rational trier of fact could find the essential elements of the crime *as those elements were charged to the jury without exception* beyond a reasonable doubt" (*id.* at 837). In any event, were we to reach defendant's unpreserved claim, we would find that the conviction was supported by legally sufficient evidence. Defendant engaged in "a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim" (*People v Suarez*, 6 NY3d 202, 212 [2005]). The victim was 82 years old, and while defendant repeatedly stabbed her with a nine-inch knife, the wounds were only approximately three centimeters deep and none of them involved any vital organ, demonstrating that defendant did not intend to kill the victim, but to brutally prolong her suffering, which ultimately led to her death. Defendant also set a blanket on fire in the victim's living room, thereby endangering other occupants of the apartment building and further evincing his depraved indifference to human life.

Defendant's claim of ineffective assistance of counsel is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review,

we find that counsel pursued a reasonable strategy designed to minimize defendant's liability by emphasizing defendant's confessions, which tended to negate homicidal intent, rather than arguing the merits of his clearly incredible testimony.

We reject defendant's application for oral argument. Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.