■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CASTELLANO, Also Known as ROBERTO CASTELAN, Appellant. [837 NYS2d 643]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered January 11, 2005, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is preserved for review as a matter of law because defendant complied with the trial court's directive as to the timing of his sufficiency arguments. However, his current arguments concerning the court's jury instructions relating to depraved indifference murder and intoxication were never raised below, and are therefore unpreserved, and we decline to reach them in the interest of justice. Accordingly, the sufficiency of the evidence

must be evaluated not in light of the elements of the crime as they have recently been articulated by the Court of Appeals (*see e.g. Policano v Herbert*, 7 NY3d 588 [2006]), but in light of the elements as they were charged to the jury (*see People v Sala*, 95 NY2d 254, 260 [2000]; *People v Woods*, 36 AD3d 525 [2007]).

Defendant was acquitted of intentional murder and convicted of depraved indifference murder in connection with the fatal stabbing of the decedent. Although the People's theory was that defendant repeatedly stabbed the victim with homicidal intent, defendant testified that, while intoxicated, he swung a knife wildly in an effort to free himself from the decedent and another person. Given defendant's testimony, we reject his contention that the evidence could only support a finding of intent. Under the evidence presented, the jury could have reasonably credited portions of defendant's testimony that supported a finding of reckless rather than intentional conduct, while at the same time rejecting his justification defense.

The proof was also sufficient to establish the element of depraved indifference (*see People v Suarez*, 6 NY3d 202, 208-215 [2005]; *People v Payne*, 3 NY3d 266, 270-272 [2004]; *People v Gonzalez*, 1 NY3d 464, 468-469 [2004]). The act of wildly flailing a knife at multiple persons, without intending to kill or injure, is, under the standards charged the jury, akin to the classic depraved indifference situations of firing a gun into a crowd or driving an automobile along a crowded sidewalk (*see Suarez*, 6 NY3d at 214; *Payne*, 3 NY3d at 271; *People v Jean-Baptiste*, 38 AD3d 418 [2007]). Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.