OPINION OF THE COURT
Evelyn J. Laporte, J.
The defendant, Michael Reape, is charged with one count of resisting arrest (Penal Law § 205.30) and one count of trespass (Penal Law § 140.05). He moves, inter alla, to dismiss the count of trespass for facial insufficiency {see CPL 170.30 [1]). He also *616 moves to dismiss the count of resisting arrest, as that charge would not be able to stand if the underlying charge of trespass does not survive. For the reasons that follow, the defendant’s motion to dismiss for facial insufficiency is denied.
Background
The instant information alleges that on August 21, 2008, the defendant was arrested, after some resistance, following being asked to remove himself from the property and vicinity of a police precinct.
The complaint reads in pertinent part as follows:
“The deponent states that . . . (Police Officer Benjamin Perez) observed the defendant enter (480 Knickerbocker Avenue County of Kings, State of New York) which is the 83rd Police Precinct Station.
“Deponent further states that the defendant stated that the defendant was looking for Detective Jones. “Deponent further states that there is no person named Detective Jones who works at the above-mentioned location.
“Deponent further states that the deponent told Defendant that there is no person by the name of Detective Jones in the 83rd Precinct, that the deponent asked if the deponent could help the defendant with something and that the defendant repeated that he wanted to speak to Detective Jones and that Defendant knew that the deponent was hiding the Detective Jones from the defendant.
“Deponent further states that the defendant became irate and began to yell and scream.
“Deponent further states that the deponent told the defendant to leave the above-mentioned location.
“Deponent further states that, as a New York City Police Officer Deponent is custodian of the above building and the defendant did not have permission or authority to remain in the premises and that defendant refused to leave the premises when asked to do so and that Defendant could not provide a legitimate reason for being in the precinct.
“Deponent further states that when deponent attempted to make a lawful arrest and handcuff Defendant, Defendant repeatedly flailed Defendant’s arms.”
*617 Discussion
To be sufficient on its face, an information must provide reasonable cause to believe that the defendant committed the offense, and the nonhearsay allegations must establish, if true, every element of the offense charged (see People v McNamara, 78 NY2d 626, 629 [1991], citing CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133, 136-137 [1987]). Mere conclusory allegations are insufficient (see People v Dumas, 68 NY2d 729 [1986]) and a purported information which fails to meet these requirements is fatally defective (see People v Alejandro at 136). An information should be given a nontechnical reading so long as it gives the defendant sufficient notice to prepare a defense and will prevent him from being tried twice for the same crime (see People v Casey, 95 NY2d 354, 360 [2000]).
For the following reasons the court finds that the instant information is facially sufficient as to all counts of which the defendant is charged.
Trespass
Under Penal Law § 140.05 the violation of trespass occurs when “[a] person . . . knowingly enters or remains unlawfully in or upon premises.”
In order for the count of trespass to be facially sufficient, the instant information must allege that the defendant knowingly entered or remained unlawfully on a premises (see Penal Law § 140.05). The instant information alleges that the defendant was unable to give a valid reason for being at the precinct, was told that the police detective he sought did not work at that precinct, and was asked by a police officer to leave, but that the defendant refused to do so. The complaint also describes the defendant as “yelling and screaming” while at the precinct and accusing Police Officer Perez of hiding the detective that the defendant was seeking.
Most significant, is the fact that the complaint makes it clear that the defendant was asked to leave the precinct area and refused to do so. Trespass does not only require that a defendant enter an area unlawfully, but one can also be in violation of that statute by remaining unlawfully. Having been told to leave the precinct, the defendant’s license to be in the area was revoked.
The defendant argues that the police precinct and the land it sits upon (including the parking lot and entrance) is a public *618 place and that it is not possible for the defendant to trespass since it is not enclosed or posted, and the public is not excluded from entering the property.
The Appellate Term, Second Department, in People v Munroe (18 Mise 3d 9, 11 [2007]) held that when an area is open to the public, “the People have the burden of proving that a lawful order excluding the defendant from the premises issued, that the order was communicated to the defendant by a person with authority to make the order, and that the defendant defied that order.”
In People v Brown (25 NY2d 374, 376 [1969]), the Court of Appeals held that
“[a] person who, regardless of his intent, enters upon or remains in or upon premises which are at the time open to the public does so with license or privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of the premises or other authorized person.”
The court went on to state that a lawful order not to remain vitiates the license or privilege if the person to whom the order is communicated defies it.
In the First Department case of People v Hedemann (107 Misc 2d 241, 242 [1981]), the court found that even where municipal or state property is generally open to the public, the license to enter and use the space
“may be regulated so as to prevent interference with the ordinary use of the property by other members of the public with an equal right of access to it. The defendant does not have an absolute right to use all parts of a public building or its immediate environs for his unlimited expressive purposes. The critical question is whether the manner of expression is basically incompatible with the normal activity of a particular place at a particular time” ([emphasis added and citations omitted], citing Food Employees v Logan Valley Plaza, Inc., 391 US 308, 320-321 [1968]; Adderley v Florida, 385 US 39 [1966]; Cox v Louisiana, 379 US 559 [1965]; and Groyned v City of Rockford, 408 US 104, 116 [1972]).
Here, defendant Reape was on the premises of a police precinct, an area used by law enforcement officials in order to ensure the public safety, and by other citizens who seek to give or obtain information about public safety. Prisoners are frequently transported in and out of police precincts and must *619 be able to be reasonably moved and secured. Those who enter in order to use the facilities also need to know that their safety is being protected while they are present there.
A New York Police Department officer is clearly the custodian of such premises and its environs and Police Officer Benjamin Perez was in the best position to know whether the defendant had acted in a way that required him to be asked to leave the premises. Given the allegation that the defendant was “yelling and screaming” and adamantly demanded to see a particular detective, Police Officer Perez could not know whether the defendant intended to bring harm to a Police Department employee or cause some other type of harm. Clearly, allowing the defendant to stay upon the precinct property would interfere with the ordinary use of the property of the Police Department and by other members of the public.
Police Officer Perez did communicate a lawful order for the defendant to quit the area. This court finds that this order from Police Officer Perez was enough to revoke the defendant’s license to remain upon the precinct property. The complaint goes on to state that the defendant refused to leave that property when asked to do so, thereby fulfilling the definition of remaining unlawfully in or upon premises.
For these reasons the information is facially sufficient as to the one count of trespass (see CPL 170.30 [1]) and therefore all of the charges, including resisting arrest (Penal Law § 205.30) will remain. The defendant’s motion to dismiss the complaint is denied.
The defendant’s motion to reserve the right to make further motions is granted to the extent set forth under CPL 255.20 (3).
The People are reminded of their continuing Brady, Rosario and related responsibilities.