(May 27, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUWANNA WROTTEN, Appellant. [901 NYS2d 265]—

Upon remittitur from the Court of Appeals (14 NY3d 33 [2009]) for consideration of the facts and issues raised on the appeal but not yet determined, judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 23, 2004, convicting defendant, after a jury trial, of assault in the second degree, and sentencing her to a term of five years, affirmed.

At the conclusion of the evidentiary hearing, Supreme Court expressly found "by clear and convincing evidence that [the complainant] is unavailable to travel to New York without seriously endangering his health." Supreme Court went on to find that the complainant "would be in serious danger of suffering serious health problems or possibly death by his traveling and testifying." On our review of the facts, we conclude that

Supreme Court did not err in making these findings. We recognize that the medical risk the complainant would incur by traveling can be "serious" without being more likely than not to come to fruition. As defendant never contended that a "serious" risk was insufficient to warrant a finding that the complainant was unable to travel, we need not and do not decide whether any greater degree of risk is required. Indisputably, moreover, the complainant was a key witness. For these reasons, the use of live, two-way video was necessary to further the "public policy of justly resolving criminal cases while at the same time protecting the well-being of a witness" (14 NY3d at 40).

The court properly declined to deliver a justification charge to the jury, because no reasonable view of the evidence, viewed in a light most favorable to defendant, supported such a charge (*see People v Cox*, 92 NY2d 1002, 1004 [1998]). In particular, there was no reasonable view of the evidence under which defendant reasonably could have believed that the extent of the force she admittedly used against the aged, frail and unarmed victim was necessary, regardless of whether the force she used is deemed to have been deadly or nondeadly (*see* Penal Law § 35.15 [1]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing it. Concur—Andrias, J.P., Saxe, Friedman and Sweeny, JJ.

McGuire, J., concurs in a separate memorandum as follows: As the Court of Appeals stated in its opinion, "the United States Supreme Court held that live testimony via one-way closed-circuit television is permissible under the Federal Constitution, provided there is an individualized determination that denial of 'physical, face-to-face confrontation' is *'necessary* to further an important public policy' and 'the reliability of the testimony is otherwise assured' " (*People v Wrotten*, 14 NY3d 33, 38-39 [2009], quoting *Maryland v Craig*, 497 US 836, 850 [1990] [emphasis added]). Supreme Court did not purport to make any finding that permitting the complainant to testify via live, two-way video was "necessary." Rather, as the majority notes, Supreme Court stated that it found by clear and convincing evidence that traveling to New York would expose the complainant to a serious danger of serious health problems. But in its opinion, the Court of Appeals stated that it did not need to decide "whether Supreme Court's finding of *necessity* rested on clear and convincing evidence" because this Court had not addressed the question (14 NY3d at 40 [emphasis added]).

Accordingly, I think it reasonable to conclude that the Court

of Appeals regarded the finding that Supreme Court actually made as tantamount to a finding of "necessity." On that assumption, I agree we should uphold such a finding of "necessity" by Supreme Court. There was a substantial evidentiary basis for the actual findings Supreme Court made and we have no basis for concluding that Supreme Court erred in accepting the testimony of the People's expert witness. I note, however, that the meaning of the word "necessary" in this context is apparently not the conventional one of logically unavoidable. After all, as I read the opinion of the Court of Appeals, a finding that denial of the right to physical, face-to-face confrontation is "necessary" is unaffected by the unavailability under New York law of procedures that would permit the defendant to be brought to the complainant.

With these qualifications, I join in the majority's memorandum.

The decision and order of this Court entered herein on December 30, 2008 (60 AD3d 165 [2008]) is hereby recalled and vacated.