# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**992**

**KA 08-00436**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                  MEMORANDUM AND ORDER

JAMES R. STANFORD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 26, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's contention that County Court erred in refusing to charge manslaughter in the second degree (§ 125.15 [1]) as an additional lesser included offense of murder in the second degree (§ 125.25 [1] [intentional murder]) as charged in the indictment. It is well settled that, "[t]o establish entitlement to a lesser included offense charge, the defendant must make two showings. First, it must be shown that . . . in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater" (*People v Glover*, 57 NY2d 61, 63). Although we agree with defendant that manslaughter in the second degree may be a lesser included offense of intentional murder (*see People v Brockett*, 74 AD3d 1218, 1219-1220; *People v Boyd*, 60 AD3d 779, 780, *lv denied* 12 NY3d 913; *see generally People v Sullivan*, 68 NY2d 495, 501), we conclude that there was no reasonable view of the evidence that would permit the jury to find that defendant committed manslaughter in the second degree but did not commit manslaughter in the first degree or intentional murder. The latter two crimes require evidence that defendant acted intentionally, whereas manslaughter in the second degree requires evidence that he acted recklessly. Defendant gave

several statements to the police in which he admitted that he stabbed the victim so that she would release her grip on him.  The evidence also established that the victim was stabbed four times in the neck and that one of the wounds was several inches deep and had severed her major blood vessels.  "Thus, by admitting intentional conduct, defendant negated any theory of recklessness . . . Furthermore, the number, depth, and placement of the victim's stab wounds were completely inconsistent with reckless rather than intentional conduct" (*People v Sussman*, 298 AD2d 205, 205, *lv denied* 99 NY2d 585; *cf. People v Castellano*, 41 AD3d 184, 185, *affd* 11 NY3d 850, *rearg denied* 12 NY3d 771).

The court also properly denied defendant's request for a jury charge on the justifiable use of deadly physical force to prevent or terminate a burglary (*see* Penal Law § 35.20 [3]).  Viewing the evidence in the light most favorable to defendant (*see People v McManus*, 67 NY2d 541, 549; *People v Watts*, 57 NY2d 299, 301), we conclude that there was no reasonable view of the evidence that would permit a jury to conclude that defendant reasonably believed that deadly physical force was necessary to prevent or terminate a burglary (*see People v Petronio*, 34 AD3d 602, 603-604, *lv denied* 8 NY3d 948; *People v McDaniel*, 295 AD2d 371, *lv denied* 98 NY2d 770; *cf. People v Deis*, 97 NY2d 717, 719-720; *People v Fagan*, 24 AD3d 1185, 1186-1187).

In addition, the court properly denied defendant's request for a circumstantial evidence charge.  It is well established that, where the charges against defendant are supported by both circumstantial and direct evidence, the court is not required to provide the circumstantial evidence charge (*see People v Daddona*, 81 NY2d 990, 992).  Here, inasmuch as defendant's statements to the police "constituted direct evidence of several of the principal facts [at] issue" (*People v Campbell*, 69 AD3d 645, 646), the court properly denied his request for that charge (*see People v Alexander*, 153 AD2d 507, 509, *affd* 75 NY2d 979; *People v Buskey*, 13 AD3d 1058; *see generally People v Rumble*, 45 NY2d 879, 880-881).

Finally, the sentence is not unduly harsh or severe.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court