People v Clay (2022 NY Slip Op 01637)





People v Clay


2022 NY Slip Op 01637


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


75 KA 18-02091

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC CLAY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered October 27, 2016. The judgment convicted defendant upon a nonjury verdict of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the fourth degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him after a nonjury trial of, inter alia, murder in the second degree (Penal Law
§ 125.25 [1]), defendant contends that County Court erred in refusing to consider the defense of justification (see § 35.20 [3]). Even assuming, arguendo, that the court refused to consider that defense, we conclude that any such refusal was proper. Penal Law § 35.20 (3) provides that "[a] person in possession or control of, or licensed or privileged to be in, a dwelling or an occupied building, who reasonably believes that another person is committing or attempting to commit a burglary of such dwelling or building, may use deadly physical force upon such other person when he or she reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of such burglary." It is well established that "if on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified [under the requested defense], the failure [in a bench trial] to charge [or to consider] the defense constitutes reversible error" (People v Padgett, 60 NY2d 142, 145 [1983]). When viewed in the light most favorable to defendant (see People v Patterson, 176 AD3d 1637, 1638-1639 [4th Dept 2019], lv denied 34 NY3d 1080 [2019]), the evidence herein establishes that the victim's brother was engaged in a fistfight with defendant on defendant's porch steps. The victim's brother never attempted to enter defendant's house, but rather attempted to prevent defendant from entering the house by grabbing defendant's shirt, because the victim's brother knew that defendant had a gun in the house. After the victim's brother lost hold of defendant, the victim's brother and the victim ran away from defendant's house and across the street for safety. Meanwhile, defendant retrieved the gun and from the porch shot at the victim, killing him. We conclude that no reasonable view of the evidence permits the inference that defendant reasonably believed deadly force was necessary to prevent the commission or attempted commission of a burglary (see People v Cox, 92 NY2d 1002, 1004-1005 [1998]; cf. People v Fagan, 24 AD3d 1185, 1186-1187 [4th Dept 2005]).
We further reject defendant's contention that the sentence is unduly harsh and severe.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court