■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN PATRICK JACKSON, Appellant. [609 NYS2d 65] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered February 19, 1992, con-

victing him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was excluded from a material stage of the trial when counsel exercised their challenges to the jury in chambers, outside of his presence. We disagree. The record indicates that the defendant was present during the voir dire and that, while counsel initially informed the court of their challenges in the absence of the defendant, the challenges were in fact eventually given effect in the defendant's presence when the accepted jurors were sworn in open court (see, People v Velasco, 77 NY2d 469; People v Cohen, 201 AD2d 494; People v Melendez, 182 AD2d 644).

The defendant also contends that the court erred in denying his request for a jury charge on manslaughter in the second degree as a lesser-included offense of murder in the second degree. However, upon considering the evidence in a light most favorable to the defendant (see, People v Martin, 59 NY2d 704, 705; People v Battle, 22 NY2d 323), we find that there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense, but not the greater (see, People v Ford, 62 NY2d 275, 281; People v Glover, 57 NY2d 61, 63). The evidence shows that during the course of an argument with the victim, the defendant ran into a nearby building, retrieved an unlicensed .357 magnum handgun, returned to the scene of the argument, and shot the victim twice, at close range, hitting the victim's vital organs. Under no view of the circumstances can it be said that the defendant's actions were "reckless" rather than intentional.

We find that the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.