■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY ROSA, Appellant. [614 NYS2d 259] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered April 20, 1992, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to establish, at a hearing, probable cause for his arrest, is unpreserved

for appellate review and, in any event, is without merit *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859; *People v Colavito,* 70 NY2d 996; *People v Feliciano,* 185 AD2d 359, 360; *People v Farinaro,* 110 AD2d 653, *lv denied* 65 NY2d 815). We find no improvident exercise of discretion in the decision of the Supreme Court, *sua sponte,* to reopen the hearing after the People rested *(see, People v Corso,* 135 AD2d 551, 552; *People v Lanthrop,* 127 AD2d 1003). The Supreme Court properly determined that the identification procedure was not unduly suggestive.

The defendant's arguments regarding the prosecutor's summation are largely unpreserved for appellate review *(see,* CPL 470.05 [2]). With respect to those comments which were preserved for appellate review, we find that they were either based on the evidence at trial or were made in fair response to the defense counsel's summation, which suggested that the complainant fabricated his testimony, tailored it to that of a police officer, and invoked a language barrier when asked questions which favored the defendant *(see, People v Ashwal,* 39 NY2d 105; *People v Galloway,* 54 NY2d 396; *People v Sykes,* 151 AD2d 523, 524; *People v Boyajian,* 148 AD2d 740). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.