■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ELLIOT, Appellant. [628 NYS2d 761] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Demakos, J.), rendered February 1, 1994, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of May 5, 1993, the defendant and an unapprehended accomplice robbed the complainant, a New York City cab driver. During the course of the robbery, the defendant held a gun to the complainant's neck, but the complainant pushed the gun away, and a struggle ensued. When the defendant fled the cab, the complainant pursued him, and, with the assistance of another cab driver, ultimately succeeded in apprehending the defendant and subduing him.

On appeal, the defendant contends that reversal is warranted because of the prosecutor's summation, which allegedly vouched for the complainant's credibility while denigrating the defense and appealing to the jury's sense of sympathy. We note, however, that the defendant failed to object to several of the remarks now claimed to have been improper, and his arguments regarding these comments are thus unpreserved for appellate review *(see,* CPL 470.05 [2]). Furthermore, the challenged comments were, for the most part, either fair comment on the evidence adduced at trial, or a fair response to the defense summation, which extensively attacked the complainant's credibility by theorizing that the defendant and his companion had refused to pay their fare for the cab ride, and that the complainant overreacted by physically attacking the defendant, and then fabricated a robbery story to cover up his wrongful actions *(see, People v Galloway,* 54 NY2d 396; *People v Rosa,* 204 AD2d 744; *People v Russo,* 201 AD2d 512, *affd* 85 NY2d 872). Any comments which were improper were harmless in light of the overwhelming evidence of guilt.

We further find that the sentence imposed was neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.