■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE J. WALTER, Appellant. [773 NYS2d 677]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered September 25, 2001. The judgment convicted defendant, upon his plea of guilty, of sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sodomy in the first degree (Penal Law former § 130.50 [4]) in satisfaction of two indictments charging him with 50 counts of various sexual offenses. The single count to which defendant pleaded guilty alleges that the act of sodomy occurred in the "winter/spring of 2001." By pleading guilty, defendant waived his contention that the time frame set forth in that count of the indictment is "excessive," thus rendering it jurisdictionally defective (*see People v Cohen*, 52 NY2d 584, 587 [1981]). Similarly, any issue concerning the proper interpretation or application of the statute was forfeited by the guilty plea (*see People v Salvato*, 111 AD2d 773 [1985], *lv denied* 66 NY2d 618 [1985]; *see also People v Sachs*, 280 AD2d 966, 967 [2001], *lv denied* 96 NY2d 834). We also reject defendant's related contention that the indictment violates the Ex Post Facto Clause of the United States Constitution. That clause "prohibits states from enacting laws that criminalize prior, then-innocent conduct; increase the punishments for past offenses; or eliminate defenses to charges for incidents that preceded the enactment" (*Kellogg v Travis*, 100 NY2d 407, 410 [2003]). Prior to February 1, 2001, one of the material elements of sodomy in the first degree was that the victim be "less than eleven years old" (former § 130.50 [3]). As of February 1, 2001, the victim's age element was changed to "less than thirteen years old" (current § 130.50 [4]). Because the victim here was 12 years old, and the time frame set forth in the indictment encompasses periods prior to February 1, 2001, defendant contends that his prosecution violates the Ex Post Facto Clause by increasing his criminal culpability. However, defendant has not established that the alleged criminal act was committed prior to

the change in the statute. Defendant had the ability to demand a bill of particulars to specify the date of the criminal activity, but he failed to do so (*cf. People v Corrado*, 161 AD2d 658, 659 [1990]). We therefore reject defendant's contention. We further conclude that the plea was knowingly, voluntarily and intelligently entered, and that the bargained-for sentence is neither illegal nor unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.