■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ROY WATERMAN, Appellant. [833 NYS2d 807]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered December 20, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject the contention of defendant that he was denied effective assistance of counsel. The alleged errors in defense counsel's representation set forth by defendant in support of his contention are mere disagreements with defense counsel's trial tactics, and defendant has failed to establish "the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709 [1988]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant further contends that County Court erred in admitting in evidence testimony concerning his flight from the police when they attempted to arrest him because the arrest was not close in time to the commission of the crimes. We reject that contention. "The limited probative force of flight evidence . . . is no reason for its exclusion" (*People v Yazum*, 13 NY2d 302, 304 [1963], *rearg denied* 15 NY2d 679 [1964]). Moreover, "[a]mbiguities or explanations tending to rebut an inference of guilt [arising from evidence of flight] may be introduced as a part of the defense rather than to render the evidence [of flight] inadmissible" (*People v Fama*, 212 AD2d 542, 543 [1995], *lv denied* 86 NY2d 734, 87 NY2d 901 [1995]). Defendant's remaining contentions concerning alleged errors by the court have not been preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.