■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY GERMAN, Appellant. [846 NYS2d 348]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered April 6, 2005, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the second degree. The proof at trial included the eyewitness identification of the defendant by the complainant and evidence that the defendant was in possession of a sum of currency taken from the complainant and a toy gun roughly matching the description of the weapon purportedly used to commit the robbery when he was apprehended shortly after the crime. After both sides rested, the defendant requested a jury charge that he contended was relevant to the issue of "cross-racial identification" (*State v Cromedy* 158 NJ 112, 115, 727 A2d 457, 458-459 [1999]). However, on the record presented, the Supreme Court properly denied the defendant's requested jury charge (*People v Ellison,* 8 AD3d 400, 401 [2004]).

We find unpersuasive the defendant's contention that the alleged improper remarks made by the prosecutor during summation require reversal. With the exception of his argument concerning one remark, the defendant's arguments were not preserved for appellate review because the defendant either failed to object to the prosecutor's remarks, made only a general objection, or failed to request curative instructions (*see* CPL

470.05 [2]; *see e.g. People v Almonte*, 23 AD3d 392 [2005]; *People v Ivory*, 307 AD2d 1000, 1001 [2003]; *People v Elliot*, 216 AD2d 576 [1995]). In any event, some of the challenged remarks were proper because they constituted either fair comment upon the evidence or a fair response to the defense summation (*see People v Jordan*, 11 AD3d 561 [2004]; *People v Vasquez*, 277 AD2d 333 [2000]; *People v Davis*, 223 AD2d 652 [1996]; *People v Arlequin*, 214 AD2d 747, 748 [1995]; *People v Salaman*, 231 AD2d 464 [1996]). With respect to the remaining challenged remarks, the court's instructions to the jury served to ameliorate any prejudice that the prosecutor's conduct may have engendered (*see People v Torres*, 150 AD2d 406 [1989]). Moreover, the challenged remarks, both individually and cumulatively, constituted harmless error (*see People v Elliot*, 216 AD2d 576, 577 [1995]).

The trial court improperly allowed the prosecutor to elicit testimony from the arresting officer that implicitly bolstered the complainant's testimony by providing official confirmation of the complainant's identification of the defendant (*see People v Trowbridge*, 305 NY 471 [1953]; *People v Fields*, 309 AD2d 945 [2003]). However, under the circumstances of this case, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no significant probability that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Maggette*, 244 AD2d 575, 576 [1997]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.