■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LEON, Appellant. [876 NYS2d 656]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 4, 2005, convicting him of assault in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution elicited testimony from two police officers that impermissibly bolstered the identification testimony of civilian eyewitnesses is unpreserved for appellate review, as the defendant either lodged only general objections or did not object at all when the officers testified (*see People v Farfam,* 34 AD3d 828, 829 [2006]). Moreover, the defendant did not base his later motion for a mistrial on bolstering, and in fact seemed to disavow a bolstering argument. In any event, any inferential bolstering which may have occurred was harmless (*see People v Moore,* 49 AD3d 901, 902 [2008]; *People v DiFiore,* 46 AD3d 835 [2007]; *People v German,* 45 AD3d 861, 862 [2007]; *People v Shankle,* 37 AD3d 742, 744 [2007]).

The defendant's contention that the prosecutor inappropriately referred to uncharged crimes during summation is without merit (*see People v Ramirez,* 23 AD3d 500, 501 [2005]). The defendant's remaining contentions that the prosecution made inappropriate comments during its opening and closing statements are unpreserved for appellate review (*see People v German,* 45 AD3d at 861). In any event, several of the remarks challenged on appeal "constituted either fair comment upon the evidence or a fair response to the defense summation" (*id.* at 862). While the remainder of the remarks complained of may have crossed the boundaries of appropriate commentary, any error was harmless (*see id.; People v Montero,* 44 AD3d 796, 797 [2007]; *People v Cowan,* 111 AD2d 343, 345 [1985]).

The defendant's remaining contentions either are without merit or involve harmless error. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.