The People of the State of New York, Respondent, v Rodney Green, Appellant. [934 NYS2d 716]—

Viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), there was no reasonable view of the evidence to support a finding that the defendant intended to cause serious physical injury to the victim, rather than to kill her (*see People v Moreno*, 16 AD3d 438 [2005]; *People v Maldonado*, 5 AD3d 505, 506 [2004]; *People v DeLucia*, 302 AD2d 280 [2003]; *People v Wheeler*, 257 AD2d 673 [1999]; *People v Kelly*, 221 AD2d 661 [1995], *cert denied* 517 US 1200 [1996]; *People v Green*, 143 AD2d 768, 770 [1988]). Accordingly, the Supreme Court correctly refused to charge manslaughter in the first degree as a lesser-included offense of murder in the second degree.

The defendant contends that certain remarks made by the People on summation constituted reversible error. However, the remarks alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Gouveia*, 88 AD3d 814 [2011]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Gouveia*, 88 AD3d 814 [2011]; *People v Crawford*, 54 AD3d 961 [2008]), or harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Eng and Austin, JJ., concur.