# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**47**

**KA 09-01194**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

FELIX MENDEZ, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 6, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court committed reversible error in admitting in evidence a recorded telephone conversation in which defendant allegedly referred to his commission of prior bad acts. The record establishes that the court gave the curative instruction requested by defendant. Defendant did not object further or seek a mistrial, and thus the curative instruction "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944). In any event, we conclude that the curative instruction sufficiently alleviated any prejudicial effect of permitting the jury to hear the unredacted recording (*see People v Borden*, 90 AD3d 1652, 1652, *lv denied* 18 NY3d 992). We reject defendant's further contention that the court erred in failing to repeat the curative instruction verbatim in its jury charge. During its charge, the court reminded the jury of the "cautionary instruction" it had previously given, and we conclude under the circumstances of this case that the court thereby sufficiently cautioned the jury concerning the limited purpose for which the recorded conversation had been admitted (*see People v Williams*, 50 NY2d 996, 998). Defendant failed to preserve for our review his contention that the court erred in admitting portions of the recorded conversation that allegedly referenced his invocation of

his right to counsel and the right to remain silent (*see* CPL 470.05 [2]).  In any event, that contention has no merit because the recording does not contain any reference to the invocation of those rights during custodial interrogation (*cf. People v De George*, 73 NY2d 614, 618).  We therefore reject defendant's further contention that defense counsel was ineffective in failing to object to the admission of those portions of the recording in evidence (*see People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868).

Defendant failed to preserve for our review his contention that his conviction of section 130.75 (1) (b) violates the ex post facto prohibition in article I (§ 10 [1]) of the US Constitution (*see People v Ramos*, 13 NY3d 881, 882, *rearg denied* 14 NY3d 794; *People v Carey*, 92 AD3d 1224, 1224, *lv denied* 18 NY3d 992).  In any event, we conclude that defendant's contention has no merit (*see generally People v Walter*, 5 AD3d 1107, 1108-1109, *lv denied* 3 NY3d 650, *reconsideration denied* 3 NY3d 712), and thus that he also was not denied effective assistance of counsel based on defense counsel's failure to advance that contention (*see Watson*, 90 AD3d at 1667).  Defendant also failed to preserve for our review his contention that he was unconstitutionally punished for exercising his right to a trial (*see People v Motzer*, 96 AD3d 1635, 1636, *lv denied* 19 NY3d 1104).  In any event, that contention lacks merit because there is no evidence in the record that the court was motivated by "vindictiveness" in sentencing defendant following the trial (*People v Patterson*, 106 AD2d 520, 521; *see Motzer*, 96 AD3d at 1636).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court