■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ACEVEDO, Appellant. [976 NYS2d 82]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 19, 2011, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the murder conviction to a term of 20 years to life, and otherwise affirmed.

The court properly declined to submit manslaughter in the first degree as a lesser included offense. There was no reasonable view of the evidence, viewed most favorably to defendant, that he merely intended to inflict serious physical injury but not to cause death. Defendant, after grazing one victim in the side with a bullet, pointed a gun at another victim, and from between 4 and 10 feet away, shot him three times, including in the chest and back, as he turned to flee (*see e.g. People v Ramsey*, 59 AD3d 1046, 1047 [4th Dept 2009], *lv denied* 12 NY3d 858 [2009]).

Defendant was not entitled to be present during legal argument on the admissibility of expert testimony on gangs, as well as related legal issues. References to the prosecution's factual allegations did not transform the legal issue into a factual or mixed issue, there was no fact-finding procedure, and there was nothing valuable that defendant could have contributed by his personal presence (*see People v Rojas*, 15 AD3d 211 [1st Dept 2005], *lv denied* 4 NY3d 856 [2005]). In any event, the court excluded almost all of the evidence the People offered at this colloquy.

Defendant's right of confrontation was not violated when an autopsy report prepared by a former medical examiner, who did not testify, was introduced through the testimony of another medical examiner. The report was not testimonial (*see People v Freycinet*, 11 NY3d 38 [2008]; *People v Hall*, 84 AD3d 79 [1st Dept 2011], *lv denied* 18 NY3d 924 [2012]), and neither *Bullcoming v New Mexico* (564 US —, 131 S Ct 2705 [2011]) nor any other decision of the Supreme Court of the United States is to the contrary (*see United States v James*, 712 F3d 79, 87-88 [2d Cir 2013]). To the extent defendant argues that the report should have been redacted to exclude the portion reflecting the author's opinions as to the cause and manner of death, that claim is unpreserved, as defendant never asked the court for such a redaction (*see Hall*, 84 AD3d at 85), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal, because those opinions were not contested at trial.

Defendant's remaining evidentiary arguments and assertions of prosecutorial misconduct are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find them to be without merit, except that some portions of the prosecutor's summation were improper but harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant's ineffective assistance of counsel claims regarding counsel's failure to preserve these issues are unreviewable on direct appeal because they involve matters not fully explained by the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]).

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.