■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHYRON J. BROWN, Also Known as SHA BANGER, Also Known as SHA EASY, Also Known as OLAH, Appellant. [31 NYS3d 587]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered April 26, 2012, convicting him of murder in the first degree, murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied his request to have manslaughter in the first degree (Penal Law § 125.20 [1]) charged as a lesser-included offense of murder in the second degree (Penal Law § 125.25 [1]). "To establish entitlement to a lesser included offense charge, the defendant must make two showings. First, it must be shown that the additional offense that he desires to have charged is a 'lesser included offense[,'] i.e., that it is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of

the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater" (*People v Glover*, 57 NY2d 61, 63 [1982]). Here, the first prong of *Glover* is satisfied because it is impossible to commit murder in the second degree without committing manslaughter in the first degree (*see People v Butler*, 57 NY2d 664 [1982]). The second prong of *Glover*, however, is not satisfied because there is no reasonable view of the evidence which would support a finding that the defendant committed manslaughter in the first degree, but not murder in the second degree (*see* CPL 300.50 [1]; *see also People v Acevedo*, 112 AD3d 454 [2013]; *People v Ramsey*, 59 AD3d 1046 [2009]; *People v Tyler*, 43 AD3d 633 [2007]; *People v Moreno*, 16 AD3d 438 [2005]; *People v Jackson*, 202 AD2d 518 [1994]).

The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial on the ground that the County Court permitted the People to elicit from a witness, who testified under a cooperation agreement with the District Attorney's office, that the defendant was a member of the Bloods gang (*see* CPL 470.05 [2]). At trial, defense counsel made only a general objection. In any event, the evidence that the defendant was a member of the Bloods gang and that it was through the Bloods gang that the cooperating witness knew the defendant, was relevant to explaining the relationship between the two and why the cooperating witness would plan with the defendant to rob the victim (*see People v Primo*, 96 NY2d 351 [2001]; *People v Heiserman*, 127 AD3d 1422 [2015]).

The defendant likewise failed to preserve for appellate review his contention that he was deprived of a fair trial because the County Court permitted the People to introduce evidence of the defendant's prior bad act of planning an uncharged robbery with the cooperating witness (*see* CPL 470.05 [2]). In any event, evidence that the defendant and the cooperating witness planned a prior robbery was relevant to prove the defendant's intent to commit the instant attempted robbery (*see People v Mendez*, 70 AD3d 861 [2010]; *People v Laverpool*, 52 AD3d 622 [2008]; *People v Wright*, 288 AD2d 409 [2001]) and to complete the narrative as to the instant attempted robbery (*see People v Workman*, 56 AD3d 1155 [2008]).

Contrary to the defendant's contention, the County Court properly granted the People's application for a consciousness of guilt charge because the probative evidence warranting the charge outweighed any prejudice attendant to the charge (*see People v Yazum*, 13 NY2d 302 [1963]; *People v Roman*, 60 AD3d

1416 [2009]; *People v Waterman*, 39 AD3d 1259 [2007]; *People v Fama*, 212 AD2d 542 [1995]).

The defendant's contention that he was deprived of a fair trial due to the prosecutor's commenting during summation that the defendant was "a predator" and "a coward" is unpreserved for appellate review (*see* CPL 470.05 [2]). At the completion of the prosecutor's summation, defense counsel noted that the prosecutor had called the defendant "predator" and "coward" several times. The court thereafter instructed the jury that the summations of counsel were not evidence and that depending upon whether the jury found a summation argument reasonable and logical, it could adopt or reject such argument. Because the defense did not thereafter seek a mistrial, the aforementioned instruction "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Mendez*, 104 AD3d 1145, 1145 [2013]). In any event, insofar as the People's theory of the case was that the defendant "executed" the victim by firing two shots in quick succession—the first shot was fired from less than three to six inches away and entered the victim's chest, and the second shot was fired from 18 to 24 inches away and entered the victim's back—the challenged remarks constituted fair comment on the evidence and the inferences to be drawn therefrom (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Fuhrtz*, 115 AD3d 760 [2014]; *People v Birot*, 99 AD3d 933 [2012]; *People v Guevara-Carrero*, 92 AD3d 693 [2012]) and, thus, did not deprive the defendant of a fair trial. Moreover, to the extent that any other of the prosecutor's summation comments were improper, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error in this regard might have contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]; *People v Then*, 128 AD3d 864 [2015], *lv granted* 25 NY3d 1208 [2015]; *People v Roscher*, 114 AD3d 812 [2014]). Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.