■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO NEGRON, Appellant. [54 NYS3d 410]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered January 14, 2014, convicting him of attempted assault in the first degree and

criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in refusing to charge the jury on the defense of justification with respect to the charge of attempted assault in the first degree. "The rule is that the jury must be instructed on all claimed defenses which are supported by a reasonable view of the evidence—not by any view of the evidence, however artificial or irrational" (*People v Butts*, 72 NY2d 746, 750 [1988]; *see People v Bolling*, 7 NY3d 874, 875 [2006]; *People v Reynoso*, 73 NY2d 816, 818 [1988]; *People v Watts*, 57 NY2d 299, 301 [1982]; *People v Cotsifas*, 100 AD3d 1015, 1015 [2012]; *People v Harper*, 79 AD3d 944 [2010]). Here, viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that would permit the jury to conclude that the defendant's actions were justified (*see* Penal Law § 35.15 [1] [b]; [2]; *People v Bolling*, 7 NY3d at 875; *People v Reynoso*, 73 NY2d at 818; *People v Watts*, 57 NY2d at 301-302; *People v Cotsifas*, 100 AD3d at 1015; *People v Carter*, 74 AD3d 1375, 1378 [2010]). In addition, because "the defense of justification may excuse only the unlawful use of a weapon, not its unlawful possession" (*People v White*, 75 AD3d 109, 122 [2010]; *see People v Pons*, 68 NY2d 264, 267 [1986]; *People v Almodovar*, 62 NY2d 126, 130 [1984]; *People v Pritchett*, 298 AD2d 411, 412 [2002]), the court properly declined to give a justification charge with respect to the count of criminal possession of a weapon in the second degree (*see People v Pons*, 68 NY2d at 267; *People v White*, 75 AD3d at 123; *People v Pritchett*, 298 AD2d at 412).

The defendant contends that comments made by the prosecutor in summation constituted reversible error because they inflamed the jury, misrepresented the law and the facts to the jury, inserted the prosecutor into the trial as an unsworn witness, shifted the burden of proof to the defense, and denigrated the defense. These contentions are unpreserved for appellate review. The defendant failed to object to the challenged comments, request curative instructions, or move for a mistrial on these grounds (*see* CPL 470.05 [2]; *People v Brown*, 139 AD3d 964, 966 [2016]; *People v Lugg*, 124 AD3d 679, 680 [2015]; *People v Peters*, 98 AD3d 587, 589 [2012]). In any event, the remarks either were fair comment on the evidence (*see People v Brown*, 139 AD3d at 966; *People v Green*, 90 AD3d 948, 948 [2011]; *People v German*, 45 AD3d 861, 862 [2007]), were responsive to arguments raised by the defense in summation

(*see People v Lugg*, 124 AD3d at 680; *People v Green*, 90 AD3d at 948; *People v German*, 45 AD3d at 862), or constituted harmless error (*see People v Brown*, 139 AD3d at 966; *People v Morales*, 87 AD3d 1165, 1166 [2011]; *People v German*, 45 AD3d at 862). Dillon, J.P., Roman, Cohen and Miller, JJ., concur.