Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Warhit, J.), rendered June 28, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
Police officers observed what appeared to be an illegal drug transaction on the roof of a garage on Yonkers Avenue in West-chester County at about 1:20 a.m. on July 13, 2010, after which the men involved in the transaction began to flee. One officer testified that he saw the men jump from the roof of the garage to an adjacent fire escape, describing the man in the rear as Hispanic and shirtless, with a large tattoo on his back and long, braided hair. The officer saw this man place a black metallic object into a milk crate on the third floor of the fire escape. The officer then observed the men enter fourth-floor apartment windows on the west side of the building. When the *626 officers reached the third floor of the fire escape, they found a loaded black revolver in the milk crate. Once the officers arrived at the fourth floor, the defendant’s father granted them permission to enter the subject apartment, in which they observed the shirtless man and three other men lying on top of couch cushions. The officers identified the defendant in court as the shirtless man whom they had seen place the loaded revolver in the milk crate.
The defendant presented the testimony of his mother, who stated that at the time of the alleged crime, the defendant was in his room putting his daughter to sleep. He also presented the testimony of his sister’s boyfriend, who stated that the defendant was not on the fire escape on the night at issue. The jury found the defendant guilty of criminal possession of a weapon in the second degree.
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) by deciding to allow the prosecution to inquire into the underlying facts of the defendant’s recent youthful offender adjudication in the event that he chose to testify at trial. The court appropriately weighed the probative value and prejudicial effect of the evidence and found that the underlying facts of the adjudication were relevant to the defendant’s credibility because they evinced his willingness to place his own interests above those of society (see People v Gray, 84 NY2d 709, 712 [1995]; People v Betancourt, 106 AD3d 831, 832 [2013]; People v Beckett, 186 AD2d 209, 210 [1992]).
Similarly unavailing is the defendant’s contention that he was denied due process when the Supreme Court permitted the prosecutor to cross-examine a defense witness regarding matters beyond the scope of direct examination during the suppression hearing. The matters addressed during this part of the cross-examination were irrelevant to the identification issue that was the subject of the hearing, and no due process violation occurred.
The defendant’s additional contention that the Supreme Court should have suppressed the police identification testimony on the ground that it was the fruit of an illegal arrest is not properly before the Court, since the defendant expressly withdrew his challenge to the legality of his arrest before the court rendered its suppression ruling (see People v Mower, 97 NY2d 239, 246 [2002]).
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; *627 People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (see Penal Law § 265.03 [3]; People v Wisdom, 23 AD3d 759, 760-761 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]). The defendant’s remaining contention is without merit.
Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.