People v Locenitt (2018 NY Slip Op 00439)





People v Locenitt


2018 NY Slip Op 00439


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2013-07440
 (Ind. No. 8956/10)

[*1]The People of the State of New York, respondent,
v
Kiaza Locenitt, appellant.


Paul Skip Laisure, New York, NY (Melissa S. Horlick of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, Terrence F. Heller, and Joyce Slevin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered June 25, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to an indeterminate term of imprisonment of 25 years to life, and a fine in the sum of $5,000. The appeal brings up for review the denial (Guy J. Mangano, Jr., J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a fine in the sum of $5,000; as so modified, the judgment is affirmed.
The defendant's contention that certain identification testimony should have been suppressed because the process of assembling and presenting a particular photo array to the complainant was unduly suggestive is unpreserved for appellate review (see CPL 470.05[2]; People v Moshier, 110 AD3d 832, 832). In any event, his contention is without merit (see People v Moshier, 110 AD3d at 832).
The defendant's contention that the trial court erred in excusing, sua sponte, two prospective jurors is partially unpreserved for appellate review, as he objected to the excusal of only one prospective juror (see CPL 470.05[2]; People v Cunningham, 119 AD3d 601, 601; People v Toussaint, 40 AD3d 1017, 1017-1018). In any event, the defendant's contention is without merit since both prospective jurors indicated their unwillingness or inability to follow the trial court's instructions. The trial court, therefore, providently exercised its discretion in excusing them sua sponte (see People v Cunningham, 119 AD3d at 602; People v Anderson, 48 AD3d 825, 826; People v James, 47 AD3d 947, 948).
The defendant's contention that the People failed to adduce legally sufficient evidence to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally [*2]sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree under Penal Law § 265.03(3) (see People v Rivera, 152 AD3d 625; People v Pringle, 136 AD3d 1061, 1061-1062). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the use of certain identification testimony during trial constituted improper bolstering is unpreserved for appellate review (see CPL 470.05[2]; People v Bonilla, 151 AD3d 735) and, in any event, without merit. Moreover, the complainant was sufficiently familiar with the defendant that her identification of him in the photo array was merely confirmatory (see People v Rodriguez, 79 NY2d 445, 452; People v Gissendanner, 48 NY2d 543, 552; People v Shepard, 138 AD3d 895, 896; People v Avent, 29 AD3d 601, 601; People v Lima, 2 AD3d 754, 754).
The defendant's contention that certain comments made by the prosecutor in summation were improper is unpreserved for appellate review (see CPL 470.05[2]), as the defendant failed to object to those comments, request curative instructions, or move for a mistrial (see People v Brown, 139 AD3d 964, 966; People v Valerio, 70 AD3d 869; People v Boyce, 54 AD3d 1052, 1052). In any event, his contention is without merit, as the comments were a fair comment on the evidence (see People v Brown, 139 AD3d at 966; People v Green, 90 AD3d 948, 948; People v German, 45 AD3d 861, 862), and responsive to arguments raised by the defense in summation (see People v Lugg, 124 AD3d 679, 680; People v Green, 90 AD3d at 948; People v German, 45 AD3d at 862; People v Almonte, 23 AD3d 392, 394).
The trial court properly declined to give a missing witness charge, as the defendant failed to show that any uncalled witnesses were available and under the control of the People, had material knowledge, and would be able to provide noncumulative testimony (see People v Edwards, 14 NY3d 733, 735; People v Chestnut, 149 AD3d 772, 773; People v Barber, 133 AD3d 868, 870; People v Roseboro, 127 AD3d 998, 999). In any event, defense counsel was permitted to comment during summation on the People's failure to call the witnesses in question (see People v Williams, 5 NY3d 732, 734; People v Barber, 133 AD3d at 870).
The trial court properly denied the defendant's request to charge the jury on criminal possession of a weapon in the fourth degree, since there was no reasonable view of the evidence that would support a finding that the defendant committed the crime of criminal possession of a weapon in the fourth degree, but not criminal possession of a weapon in the second degree (see People v Franqueira, 143 AD3d 1164, 1170; People v Lewis, 96 AD3d 878, 879; People v Melendez, 71 AD3d 1166, 1167).
The defendant's contention that his adjudication as a persistent felony offender violated his right to a jury trial pursuant to Apprendi v New Jersey (530 US 466) is unpreserved for appellate review since it was not raised at the sentencing hearing (see CPL 470.05[2]; People v Rosen, 96 NY2d 329, 335; People v Washington, 26 AD3d 400, 400). In any event, his contention is without merit (see People v Bell, 15 NY3d 935, 936; People v Quinones, 12 NY3d 116; People v Rivera, 5 NY3d 61, 67; People v Rosen, 96 NY2d at 335). The defendant's argument that New York's persistent felony offender sentencing scheme was improperly applied to him is also without merit. The People proved beyond a reasonable doubt that the defendant is a persistent felony offender within the meaning of Penal Law § 70.10(1), and the sentencing court's conclusion that the nature of the defendant's criminal conduct in the instant matter, his criminal record, and his character warranted extended incarceration and lifetime supervision is supported by the record and was not an improvident exercise of discretion (see Penal Law § 70.10; CPL 400.20; People v Neree, 142 AD3d 1026, 1027; People v Dixon, 107 AD3d 735, 736). Nevertheless, the sentence imposed was excessive to the extent indicated herein.
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim [*3]of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety (see People v Spencer, 149 AD3d 983, 984; People v Marryshow, 135 AD3d 964, 965; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court