People v Lowe (2018 NY Slip Op 08034)





People v Lowe


2018 NY Slip Op 08034


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2014-04891
 (Ind. No. 5911/12)

[*1]The People of the State of New York, respondent,
v
David Lowe, appellant.


The Litvak Law Firm, PLLC, Brooklyn, NY (Igor Litvak of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered April 23, 2014, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant's motion to set aside the verdict on the ground of juror misconduct since the alleged misconduct was admittedly known to the defendant prior to the jury's deliberations and rendition of a verdict, but he did not raise the issue until after the verdict was rendered (see People v Rivera, 157 AD3d 545, 546; People v Scanlon, 52 AD3d 1035, 1039; People v Walsh, 222 AD2d 735, 736; People v Owens, 191 AD2d 715, 716). The defendant's explanation for the delay was unsupported by the record. Moreover, contrary to the defendant's contention, the court conducted a sufficient inquiry of the juror and there was no indication of misconduct that prejudiced any of the defendant's substantial rights (see People v Lemay, 69 AD3d 757, 758). The defendant was not entitled to a hearing or an adjournment to further investigate the alleged misconduct (see People v Rivera, 157 AD3d at 546; People v Brooks, 134 AD3d 574, 576, affd 31 NY3d 939).
The defendant's contentions concerning evidentiary rulings made by the Supreme Court are unpreserved for appellate review (see People v Brooks, 31 NY3d 939, 942; People v Reed, 153 AD3d 1434, 1435; People v Massillon, 137 AD3d 1169, 1169; People v Charles, 121 AD3d 802, 802). In any event, the Supreme Court's rulings were not erroneous. The court providently exercised its discretion in permitting, with proper limiting instructions, the testimony of the complainant's friend regarding an incident in the weeks before the subject shooting wherein he witnessed an argument between the complainant and the defendant and the defendant lifted his shirt to expose a gun in his waistband (see People v Morris, 21 NY3d 588, 596-597; People v Till, 87 NY2d 835, 837; People v Charles, 121 AD3d at 802-803). The testimony of the complainant's friend as to his belief as to the identity of the shooter in the immediate aftermath of the shooting was properly admitted not for its truth, but to provide background information as to how and why the [*2]police pursued and confronted the defendant (see People v Speaks, 28 NY3d 990, 992; People v Garcia, 25 NY3d 77, 86; People v Reynoso, 2 NY3d 820, 821; People v Tosca, 98 NY2d 660, 661), and was accompanied by appropriate limiting instructions to the jury (see People v Speaks, 28 NY3d at 992; People v Garcia, 25 NY3d at 86; People v Tosca, 98 NY2d at 661). The complainant's certified hospital records were properly admitted into evidence as business records (see CPLR 2306[a]; 4518[a], [c]; People v Ortega, 15 NY3d 610, 617; People v Atkinson, 150 AD3d 870, 871; People v Brown, 96 AD3d 869, 869; People v Jaikaran, 95 AD3d 903, 904). In addition, the court properly acted within its discretion in permitting testimony concerning a letter purportedly sent by the defendant to the complainant (see People v Reid, 19 NY3d 382, 388; People v Rojas, 97 NY2d 32, 39; People v Santos, 150 AD3d 1270, 1271). The defendant opened the door to such testimony and the testimony was " reasonably necessary to correct the misleading impression'" created thereby (People v Reid, 19 NY3d at 388, quoting People v Massie, 2 NY3d 179, 184).
The defendant's contentions that the prosecutor engaged in misconduct are unpreserved for appellate review (see CPL 470.05[2]; People v Negron, 150 AD3d 764, 765; People v Tapper, 64 AD3d 620, 621) and, in any event, without merit. The prosecutor's comments in summation concerning the complainant's medical records were responsive to arguments raised by the defense (see People v Lugg, 124 AD3d 679, 680; People v Green, 90 AD3d 948), and were fair comment on the evidence and the inferences to be drawn therefrom (see People v Brown, 139 AD3d 964, 966; People v Green, 90 AD3d at 948; People v Jones, 294 AD2d 517, 517). There is no indication that the prosecutor's elicitation of certain demonstrative evidence was intended to arouse the emotions of the jury or to prejudice the defendant (see People v Anderson, 29 NY3d 69, 74; People v Wood, 79 NY2d 958, 960).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Spencer, 149 AD3d 983, 984; People v Marryshow, 135 AD3d 964, 965; cf. People v Crump, 53 NY2d 824, 825). Since the defendant's claim of ineffective assistance of counsel cannot be fully resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety (see People v Spencer, 149 AD3d at 983; People v Marryshow, 135 AD3d at 965; People v Maxwell, 89 AD3d at 1109). Although the defendant made a post-conviction motion to vacate the judgment pursuant to CPL 440.10, the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion (see People v Dunaway, 134 AD3d 952, 953; People v Coleman, 125 AD3d 879, 880; People v DeLuca, 45 AD3d 777, 777).
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court