People v Fassino (2019 NY Slip Op 01227)





People v Fassino


2019 NY Slip Op 01227


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2015-10385
 (Ind. No. 5002/14)

[*1]The People of the State of New York, respondent,
v
Marianne Fassino, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Matthew B. Keller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (John B. Collins, J.), rendered October 28, 2015, convicting her of falsifying business records in the first degree, endangering the welfare of an incompetent or physically disabled person in the first degree, and wilful violation of the Public Health Law (two counts), upon a jury verdict, and sentencing her to a term of incarceration of 6 months and period of probation of 5 years on the conviction of falsifying business records in the first degree, a term of incarceration of 6 months on the conviction of endangering the welfare of an incompetent or physically disabled person in the first degree, a term of incarceration of 6 months on the conviction of wilful violation of the Public Health Law for neglect, and a term of incarceration of 30 days on the conviction of wilful violation of the Public Health Law for failure to report, all sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by deleting the period of probation of 5 years from the sentence imposed on the conviction of falsifying business records in the first degree, and (2) by reducing the terms of incarceration of 6 months imposed on the convictions of falsifying business records in the first degree, endangering the welfare of an incompetent or physically disabled person in the first degree, and wilful violation of the Public Health Law for neglect to terms of incarceration of 3 months; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50(5).
In the early morning hours of October 26, 2012, one of the residents at the Medford Multicare Center for Living, a nursing home, died. The prosecution presented evidence at a jury trial that the defendant, along with other staff members, including her codefendants, ignored approximately two hours of visual and audible alarms signaling that the resident was in respiratory distress after another codefendant, a respiratory therapist at the nursing home, failed to follow a physician's order to place the resident on a ventilator while the resident was in bed. After trial, the defendant was convicted of falsifying business records in the first degree in connection with the investigations into the resident's death, endangering the welfare of an incompetent or physically disabled person in the first degree, and two counts of wilful violation of the Public Health Law for neglect and failure to report.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of falsifying business records in the first degree, endangering the welfare of an incompetent or physically disabled person in the first degree, and two counts of wilful violation of the Public Health Law (see Penal Law §§ 175.10, 260.25; Public Health Law §§ 2803-d[1], [3], [7]; 12-b[2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination declining to give a missing witness charge, as the defendant failed to show that any uncalled witnesses were available and under the control of the prosecution, had material knowledge, and would be able to provide noncumulative testimony (see People v Edwards, 14 NY3d 733, 735; People v Chestnut, 149 AD3d 772, 773). In any event, defense counsel had the opportunity to comment during summation on the People's failure to call the witnesses (see People v Barber, 133 AD3d 868, 870).
The defendant contends that comments made by the prosecutor during summation constituted reversible error because they invited the jury to consider evidence against codefendants as proof against her, argued facts not in evidence or misstated facts in evidence, and used impeachment evidence as evidence of her guilt. These contentions are unpreserved for appellate review, as the defendant failed to object to the challenged remarks (see People v Negron, 150 AD3d 764, 765), and she cannot rely on the objections made by her codefendants at trial (see People v Gray, 86 NY2d 10, 20; People v Buckley, 75 NY2d 843, 846; People v Jaen, 116 AD3d 975, 975). In any event, the remarks either were fair comment on the evidence or the reasonable inferences to be drawn therefrom, were fair response to arguments raised by the defense in summation, did not exceed the bounds of permissible rhetorical comment, or, to the extent they were improper, constituted harmless error (see People v Negron, 150 AD3d at 765-766).
The defendant's contention that a severance of the trial from all of the codefendants was warranted on her behalf is without merit. Severance motions are addressed to the sound discretion of the trial court (see People v Mahboubian, 74 NY2d 174, 183). "[S]everance is not required solely because of hostility between the [defendants], differences in their trial strategies or inconsistencies in their defenses. It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his [or her] defense" (id. at 184 [internal quotation marks omitted]). Here, since the proof of the charges against the defendant was premised on the same evidence used to establish her codefendants' guilt, only the most cogent reasons would warrant a severance (see People v Bornholdt, 33 NY2d 75, 87; People v Caldwell, 150 AD3d 1021, 1022; People v Turnbull, 52 AD3d 747, 747). The defendant failed to provide any such cogent reason to warrant severance (see People v Caldwell, 150 AD3d at 1022; People v Hernandez, 67 AD3d 820, 821; People v Turnbull, 52 AD3d at 747).
Under the circumstances, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit, or unpreserved for appellate review and, in any event, without merit.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court